**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WES ZALEWSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANADIGICS, INC., RON MICHELS, DENNIS STRIGL, RICHARD KELSON, DAVID FELLOWS, HARRY REIN, RONALD ROSENZWEIG, II-VI INCORPORATED, and REGULUS ACQUISITION SUB, INC.,<br><br>Defendants. | Civil Action No. _____<br><br><br>**NOTICE OF REMOVAL**<br><br>Document Filed Electronically |

Pursuant to 28 U.S.C. § 1332, Defendants II-VI Incorporated ("II-VI") and Regulus Acquisition Sub, Inc. ("Merger Sub"), by and through their undersigned attorneys, hereby remove this action from the Superior Court of New Jersey, Chancery Division, Somerset County, to the United States District Court for the District of New Jersey. In support thereof, they state as follows:

1. On or about January 26, 2016, Plaintiff Wes Zalewski, individually and on behalf of all others similar situated, (collectively, "Plaintiffs"), filed a Complaint against Anadigics, Inc. ("Anadigics"), Ron Michels, Dennis Strigl, Richard Kelson, David Fellows, Harry Rein, Ronald Rosenzweig, II-VI, and Merger Sub, in the Superior Court of New Jersey, Chancery Division, Somerset County. On or about February 4, 2016, Plaintiff Wes Zalewski, individually and on behalf of all others similarly situated, (collectively, "Plaintiffs"), filed an Amended Complaint against Anadigics, Ron Michels, Dennis Strigl, Richard Kelson, David Fellows, Harry Rein, Ronald Rosenzweig, II-VI, and Merger Sub, (collectively, the "Defendants"). True and accurate

copies of the Complaint and Amended Complaint are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

2. II-VI received the original summons and Complaint by certified mail on February 8, 2016; therefore, this notice of removal is timely. Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 562 (D.N.J. 2009) (finding that receipt of the summons and complaint gave full notice of the plaintiff's claims; such notice was sufficient to trigger Section 1446(b)'s 30 day removal countdown under federal, not state, procedure).

### This Putative Class Action Is Removable Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

3. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d)(2), because (1) this is a civil action brought by one or more representative persons as a class action; (2) the aggregate amount in controversy exceeds $5,000,000, and (3) there is minimal diversity.

**A. This is a civil action brought by one or more representative persons as a class action.**

4. The Amended Complaint was filed "on behalf of all others similarly situated." (Ex. 2).

5. The Amended Complaint sets forth "class action allegations" such as the class is "so numerous that joinder of all members is impracticable," "there are questions of law and fact that are common to the Class," and "Plaintiff is an adequate representative of the Class." (Id. ¶¶ 27 - 28).

6. As set forth in the Complaint, the Plaintiff demands relief in favor of the class and requests the Court declare that the action is maintainable as a class action. (Id. at p. 33).

7. Based on these and other allegations, this is a civil action brought by one or more representative persons as a class action satisfying the definition of "class action" in § 1332(d)(1)(B).

### B. The minimal diversity of citizenship requirement is satisfied.

8. Under CAFA, 28 U.S.C. § 1332(d)(2)(A), minimal diversity jurisdiction exists if any plaintiff is a citizen of a state different from any defendant.

9. The citizenship of the named Plaintiff Wes Zalewski is not alleged in the Amended Complaint. (Ex. 2).

10. Anadigics is a Delaware corporation with its principal place of business in New Jersey. Therefore, for jurisdictional purposes, Anadigics is a citizen of Delaware and New Jersey.

11. II-VI is a Pennsylvania corporation with its principal place of business in Pennsylvania. Therefore, for jurisdictional purposes, II-VI is a citizen of Pennsylvania.

12. Merger Sub is a Delaware corporation with its principal place of business in Delaware. Therefore, for jurisdictional purposes, Merger Sub is a citizen of Delaware.

13. The citizenships of the members of the Board of Directors of Anadigics are not alleged in the Amended Complaint. (Ex. 2).

14. The corporate Defendants are citizens of three States: Delaware, Pennsylvania, and New Jersey. Although the citizenship of the named Plaintiff Wes Zalewski is unknown, and the citizenship of the putative class members -- "all holders of Anadigics common stock" -- is unknown, the minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because an individual can only be a citizen of a single state so there is no possibility that Wes Zalewski (or any other common stockholder) can be a citizen of Delaware and Pennsylvania and New Jersey. (Ex. 2 ¶ 27). See Wachovia Bank v. Schmidt, 546 U.S. 303, 318, 126 S. Ct.

941, 951-52, 163 L. Ed. 2d 797 (2006) (finding that an individual who resides in more than one State is regarded, for purposes of diversity jurisdiction, as a citizen of but one State); <u>Williamson v. Osenton</u>, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914) (finding that a person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes).

15. Thus, CAFA's minimal diversity jurisdiction requirement is satisfied.

**C.     The amount in controversy requirement is satisfied.**

16. Plaintiffs allege that their claims arise from an agreement that Anadigics entered with II-VI in which II-VI would acquire all outstanding shares of Anadigics for approximately $0.66 per share in cash. The deal was structured as a tender offer that commenced on February 2, 2016 and is alleged to expire on March 1, 2016. Plaintiffs allege, among other things, that the Defendants breached their fiduciary duties (or aided and abetted such breach) by failing to maximize the consideration available to Anadigics shareholders, agreeing to a number of deal provisions that dissuade competing bidders, and disseminating false and misleading information in connection with the shareholder vote. (Ex. 2 ¶¶ 1, 5, 10).

17. Based on those allegations, Plaintiffs assert two counts against the Defendants: (1) breach of fiduciary duties (against the individual defendants); and (2) aiding and abetting breach of fiduciary duties (against the corporate defendants). (Id. ¶¶ 96-105).

18. Plaintiffs seek to enjoin the transaction or to rescind the transaction to the extent it is implemented or to recover damages resulting from the Defendants' alleged violation of their fiduciary duties, and award Plaintiffs the costs and disbursements of this action, including attorney's and experts' fees. (Id. ¶ 11, p. 33).

19. The anticipated transaction is valued at over $58,000,000: as II-VI would acquire 88.83 million of Anadigics common stock (all outstanding shares) for $.066 per share. (Id. ¶ 1, 28(a)).

20. Where declaratory or injunctive relief is sought, "it is well established that the amount in controversy is measured by the value of the object of the litigation. See Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 198 (D.N.J. 2006) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).

21. Thus, the $5,000,000 amount in controversy requirement is satisfied.

22. Alternatively, if the transaction is not enjoined, the damages Plaintiffs seek also meet the $5,000,000 amount in controversy requirement. Plaintiffs allege that another company (Party B) offered $0.78 to buy all outstanding shares of Anadigics common stock. (Ex. 2 at ¶ 67). The difference between the value of the company at $0.78 per share and $0.66 per share is over $10,000,000. Thus, under all potential damage scenarios posed in the Amended Complaint, the $5,000,000 amount in controversy requirement is satisfied.

23. Finally, Plaintiffs seek "costs and disbursements of this action, including reasonable attorney's and experts' fees." (Id. at p. 33).

24. Accordingly, removal of this class action is proper pursuant to CAFA, 28 U.S.C. § 1332(d)(2).

25. Under CAFA, the consent of other defendants to removal is not required.

26. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court of New Jersey, Chancery Division, Somerset County, and served upon counsel for Plaintiffs.

27. In filing this Notice of Removal, II-VI and Merger Sub do not waive, and specifically reserve, all defenses, exceptions, rights, and motions, including a motion to transfer the action to the United States District Court for the District of Delaware or to dismiss the action in favor of being refiled, if at all, in Delaware. No statement herein or omission herefrom shall be deemed to constitute an admission by II-VI and Merger Sub of any of the allegations of or damages sought in the Amended Complaint.

WHEREFORE, Defendants II-VI and Merger Sub respectfully give notice of the removal of the state action referenced herein from the Superior Court of New Jersey, Chancery Division, Somerset County, to the United States District Court for the District of New Jersey.

**K&L GATES LLP**
*Attorneys for Defendants II-VI Incorporated and Regulus Acquisition Sub, Inc.*

By:  s/ Christopher R. Carton
Christopher R. Carton
One Newark Center, 10th Floor
Newark, New Jersey 07102
P: (973) 848-4000
F: (973) 848-4001
Dated: February 23, 2016            christopher.carton@klgates.com

## **LOCAL RULE 11.2 CERTIFICATION**

     I hereby certify that the matter in controversy in this action is not now known to me to be the subject of any other action pending in any Court (other than the state court action removed hereby) or of any pending arbitration or administrative proceeding.


Dated: February 23, 2016                                           s/ Christopher R. Carton
                                                                                    Christopher R. Carton