UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
_____  x
                                     :
WES ZALEWSKI, individually and on    :
behalf of all other similarly situated, :
                                     :  Civ. Action No. 3:16-cv-01019
                                     :
            Plaintiff,               :
                                     :
    - against –                      :
                                     :
                                     :  Document Filed Electronically
ANADIGICS, INC., RON MICHELS,        :
DENNIS STRIGL, RICHARD KELSON,       :
DAVID FELLOWS, HARRY REIN,           :
RONALD ROSENZWEIG, II-VI             :
INCORPORATED and REGULUS             :
ACQUISITION SUB, INC.,               :
                                     :
            Defendants.              :
_____  x
```

**DEFENDANTS II-VI INCORPORATED AND REGULUS ACQUISITION SUB, INC. JOINDER BRIEF IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR EXPEDITED DISCOVERY**

K&L GATES LLP
One Newark Center - Tenth Floor
Newark, New Jersey 07102
(973) 848-4000

*Attorneys for Defendants II-VI Incorporated and Regulus Acquisition Sub, Inc.*

Defendants II-VI Incorporated ("II-VI") and Regulus Acquisition Sub, Inc. ("Merger Sub") (together the "II-VI Defendants"), by their undersigned attorneys, respectfully submit this brief in opposition to Plaintiff's motion for a temporary restraining order and request for expedited discovery (the "Motion").

The II-VI Defendants hereby join in and incorporate by reference the arguments made by Defendants Anadigics, Inc. ("Anadigics"), Ron Michels, Dennis Strigl, Richard Kelson, David Fellows, Harry Rein, Ronald Rosenzweig (the latter six of whom are collectively referred to herein as the "Anadigics Directors") in their memorandum of law and generally will not repeat those matters herein.  (Anadigics and the Anadigics Directors are referred to collectively herein as the "Anadigics Defendants.")  Plaintiff's primary disclosure claim has been mooted by the Anadigics Defendants' amended 14D-9, which includes the financial projections that Plaintiff complained were missing from the original proxy.  Similarly, Plaintiff's most recent Amended Complaint and request for a temporary restraining order are predicated on a stale transaction that was superseded on February 26, 2016 by an amended merger agreement that, as a result of a competitive bidding process, increased the shareholder merger consideration to $0.85/share.  For those and the additional reasons set forth below, the II-VI Defendants submit that there is no basis for a temporary restraining order or expedited discovery here with respect to *any* Defendant and the Plaintiff's Motion should be denied in its entirety.

**ARGUMENT**

As set forth in the Anadigics Defendants' brief, nothing in the Plaintiff's Motion or in the Amended Complaint justifies the entry of a temporary restraining order or the grant of expedited discovery.

I.   **Plaintiff Has Not Demonstrated A Likelihood Of Success on the Merits**

First, as set forth in the Anadigics Defendants' brief, Plaintiff is not likely to succeed on the merits of his breach of fiduciary duty claim. Because the only claim that Plaintiff has asserted against the II-VI Defendants is a derivative claim for aiding and abetting the Anadigics Directors' purported breaches of fiduciary duty, Plaintiff is likewise not likely to succeed on the merits of the aiding and abetting claim. See, e.g., In re Alloy, Inc., 2011 WL 4863716, at *14 (Del. Ch. Oct. 13, 2011) ("As a matter of law and logic, there can be no secondary liability for aiding and abetting an alleged harm in the absence of primary liability."). Plaintiff's Motion as to the II-VI Defendants should be denied on that basis alone.

Second, even if Plaintiff had demonstrated that he was likely to succeed on the merits of his breach of fiduciary duty claim against the Anadigics Directors, which he has not, his claim against the II-VI Defendants is fatally defective as a matter of law. To state an aiding and abetting claim, Plaintiff must allege: (1) the existence of a fiduciary relationship; (2) a breach of the fiduciary's duty; (3) knowing participation in that breach by defendants; and (4) damages proximately caused by that breach. Malpiede v. Towson, 780 A.D.2d 1075, 1096, 1098 (Del. 2001). Even assuming the Amended Complaint satisfies the other elements of an aiding and abetting claim, which it does not, it fails to allege any well-pleaded facts that the II-VI Defendants "knowingly participated" in any alleged breach of fiduciary duty. Indeed, to make out a claim of aiding and abetting, Plaintiff would have to plead facts suggesting that the II-VI

2

Defendants participated in the Anadigics Directors' deliberations.  See, e.g., Malpiede, 780 A.2d 1098 (aiding and abetting claim dismissed where no facts alleged that defendants "participated in board's decisions, conspired with board, or otherwise caused the board to make the decisions" that formed the basis for the alleged claim).

Here, the II-VI Defendants were on the opposite side of Anadigics in an arm's length transaction, and, as in Malpiede, there is no allegation in the Amended Complaint that the II-VI Defendants participated in the board's decisions, conspired with the board or otherwise caused the board to make the decisions at issue.  Id.  Delaware courts have consistently held that evidence of "arm's-length negotiation with fiduciaries negates a claim of aiding and abetting, because such evidence precludes a showing that the defendants knowingly participated in the breach by the fiduciaries."  In re NYMEX S'holder Litig., C.A. Nos. 3621, 2009 WL 3206051, at *13 n. 116 (Del. Ch. Sept. 30, 2009); see Morgan v. Cash, C.A. No. 5053, 2010 WL 2803746, at *8 (Del. Ch. July 16, 2010) (dismissing aiding and abetting claims against target company's counter-party to merger agreement, citing "the long standing rule that arm's-length bargaining is privileged and does not, absent collusion and facilitation of fiduciary wrongdoing, constitute aiding and abetting").

Tellingly, Plaintiff does not even mention the aiding and abetting claim in his Motion, presumably recognizing that he has no likelihood of success on the merits of this frivolous claim.

## II. The Motion Should Be Denied Because The Balance Of The Equities Strongly Favors II-VI

It is well-settled that under the "balance of equities" doctrine, injunctive relief or a restraining order are inappropriate where a buyer-defendant would be more harmed if an injunction were granted than the shareholder-plaintiff would be if an injunction were not granted. For example, in Abbey v. Montedison S.P.A., 142 Misc. 2d 72, 539 N.Y.S.2d 862 (Sup. Ct. N.Y.

Cty. 1989), the court denied the request of minority shareholders to stay the defendant's tender offer, in part because the balance of the equities weighed in favor of the defendant. The court noted that

> [A] balancing of the equities must take into account that while an injunction would strengthen the plaintiffs' position and prevent any possible failures of disclosure, it would have a substantially damaging effect on the defendant. Besides simply delaying the offer, an injunction might well be interpreted by shareholders as a finding of wrongdoing on defendants' part, which could in turn substantially diminish the possibility of the offer's success, even if it is ultimately upheld in all respects.

Id., 143 Misc. 2d at 82, 539 N.Y.S.2d at 868.

Courts regularly view the buyer in an M&A transaction as having bargained for a unique opportunity that cannot be adequately compensated by an award of money damages and therefore as being entitled to equitable relief. See, e.g., Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 163 (3d Cir. 1999); True North Comm'ns, Inc. v. Publicis, S.A., 711 A.2d 34, 44-45 (Del. Ch. 1997) aff'd, 705 A.2d 244 (Del. 1997); see also IBP, Inc. v. Tyson Foods, Inc., 789 A.2d 14, 83 & n. 202 (Del. Ch. 2001) (noting that buyers typically would be entitled to specific performance and citing Allegheny Energy).

For those reasons, II-VI would face enormous, if not irreparable, harm if a restraining order were granted. Specifically, any restraining order against the II-VI tender offer, or of the contemplated merger of Anadigics with Merger Sub, would unnecessarily delay, and possibly deprive altogether, II-VI of an important business opportunity and Anadigics shareholders of the opportunity to cash in on their investment. This is especially so where, as here, Anadigics is facing serious financial difficulties and needs to consummate the II-VI transaction before it runs out of money. Courts have long recognized that the delay that results from the entry of a restraining order or preliminary injunction of this sort "might very well scuttle" a corporate merger. David v. Human Genome Sciences, Inc., Civ. No. 12-965, 2012 WL 3061029, at *4 (D.

4

Del. July 26, 2012) (denying request for temporary restraining order and noting that "courts are loathe to interfere in the dynamics of market transactions (again, absent materially deficient disclosures) because of the risk that security holders will lose the opportunity to cash in their investment at a substantial premium") (citing cases).

By contrast, if the Court did not grant a temporary restraining order, Plaintiff would suffer little harm. Although the Defendants believe Plaintiff's price inadequacy claims are completely without merit, those claims could, if proven, be adequately compensated by money damages. As to Plaintiff's disclosure claims, Plaintiff identifies "[t]he most glaring material deficit in the Recommendation Statement" to be the failure to provide "financial projections for the Company." (Plaintiff's Br. at p. 5.) However, Plaintiff's claim with respect to this item is now moot because Anadigics disclosed those projections in its Amendment No. 7 to the Schedule 14D-9. Plaintiff's remaining disclosure related issues constitute nitpicking over immaterial items or over items that are fairly summarized in the 14D-9. Moreover, there is no claim either in the Amended Complaint or in the Motion that II-VI's Schedule TO was deficient in any respect. In any case, the harm to II-VI resulting from a potential scuttling of the transaction based on disclosure claims that are now either moot or immaterial dramatically outweigh any benefit to the Plaintiff from the granting of the temporary restraining order he seeks.

Accordingly, the Court should reject Plaintiff's Motion for a temporary restraining order.

## III. The Court Should Deny The Request For Expedited Discovery

Plaintiff is not entitled to expedited discovery because he has not alleged a viable claim against any of the Defendants and he has failed to demonstrate that he would be irreparably harmed in the absence of injunctive relief. In addition, Plaintiff has made no real attempt to

5

show why the broad and burdensome discovery that he seeks is necessary for him to make a preliminary injunction motion.

Not only has Plaintiff made no showing as to why he needs expedited discovery from the Anadigics Defendants, he has also made no showing as to why he needs any discovery from the II-VI Defendants. The documentary and testimonial information sought by Plaintiff would be in the possession of the Anadigics Defendants. Any such information possessed by the II-VI Defendants would be duplicative and cumulative of information that may be obtained from the Anadigics Defendants.[1] It would therefore be unduly burdensome for the II-VI Defendants to have to expend significant amounts of time and money to comb through their paper and electronic files, including their email systems, to produce documents in three days as requested by the Plaintiff.

## **CONCLUSION**

For the foregoing reasons, the II-VI Defendants respectfully request that the Court deny the Motion in its entirety.

Dated:  March 2, 2016                              Respectfully submitted,

K&L GATES LLP

By: s/ Christopher R. Carton
    Christopher Carton
    One Newark Center, Tenth Floor
    Newark, New Jersey 07102
    Tel.:  (973) 848-4000
    Email: christopher.carton@klgates.com

---

[1] Request G appears to be the only request that seeks documents that are potentially not also in the Anadigics Defendants possession, custody or control and/or publically available. That request seeks information sufficient to identify Needham's prior business relationships with II-VI or any of its affiliates or subsidiaries. This request is wholly irrelevant, however, because the Amended Complaint does not allege that Needham had a conflict of interest in its representation of the Anadigics Directors. Nor do the II-VI Defendants owe Anadigics or its shareholders any fiduciary duties.

6

        Peter N. Flocos, Esq. (*pro hac vice* forthcoming)
        Joanna A. Diakos, Esq.
        K&L Gates LLP
        599 Lexington Avenue
        New York, New York 10022
        Tel.:  (212) 536-3900
        Fax:  (212) 536-3901
        Email:  peter.flocos@klgates.com
        Email:  joanna.diakos@klgates.com

*Attorneys for Defendants II-VI Incorporated and Regulus Acquisition Sub, Inc.*